**Dr. Milos JIRICKO, Appellant**

v.

**Paul ALLISON, in his Official and Personal Capacity; Swartz Campbell, LLC; James C. Haggerty.**

No. 06–4609.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 26, 2007.

Filed: Dec. 28, 2007.

Milos Jiricko, Lancaster, PA, pro se.

Mary E. Butler, Supreme Court of Pennsylvania Administrative Office of Pennsylvania Courts, Philadelphia, PA, for Paul Allison.

James C. Haggerty, Swartz Campbell, Philadelphia, PA, for Swartz Campbell, LLC.

James C. Haggerty, pro se.

Before: SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT
### PER CURIAM.

Milos Jiricko appeals from an order of the United States District Court for the Eastern District of Pennsylvania dismissing his suit against the Honorable Paul Allison of the Court of Common Pleas of Lancaster County, Pennsylvania ("Judge Allison"), James Haggerty, Esq., and Haggerty's law firm, Swartz Campbell LLC. For the following reasons, we will affirm.

Because we write only for the parties, it is not necessary to give a detailed recitation of the factual and procedural background of this case. To summarize, Jiricko instituted a civil suit in the Court of Common Pleas of Lancaster County against GEICO General Insurance Company ("GEICO") and Stephanie Rollins, a GEICO claims examiner, seeking recovery of uninsured motorist benefits and other damages ("Lancaster County action"). Judge Allison, who was assigned to the case, issued an order on August 13, 2003 referring the matter to arbitration and staying further proceedings until completion of arbitration. Since then, Jiricko has repeatedly argued in state and federal court filings that Judge Allison's order is invalid and infringes upon his constitutional right to a trial by jury.

In this suit, which was filed in the United States District Court for the Middle District of Pennsylvania and transferred to the Eastern District, Jiricko asserts claims under 42 U.S.C. § 1983, alleging that the defendants engaged in a conspiracy to deprive him of his federal constitutional rights during the course of the Lancaster County action. He also claims that the defendants violated his rights under the Pennsylvania Constitution and intentional-

ly inflicted emotional distress. As relief, he requests an order directing Judge Allison "to correct the record and to expunge his unconstitutional orders and to cease his infringement upon the Pennsylvania citizens' constitutional guaranty." (Amend. Compl. ¶ 42.) He also requests compensatory and punitive damages from the defendants.

The District Court granted the defendants' motions to dismiss the amended complaint, concluding that the suit was barred under the *Rooker–Feldman* doctrine because the issues presented were inextricably intertwined with a prior state court adjudication. Specifically, the District Court determined that Jiricko's amended complaint raised the same federal and state law claims that he had brought in an action against the same defendants filed in the Philadelphia Court of Common Pleas on July 1, 2004 ("Philadelphia action"). The Court of Common Pleas dismissed that suit on October 18, 2004 for failure to state a claim, and the Superior Court of Pennsylvania affirmed the dismissal on August 25, 2005. Jiricko filed this suit during the pendency of his unsuccessful petition for allocatur to the Supreme Court of Pennsylvania.

Jiricko now appeals the District Court's order. We have jurisdiction over the appeal under 28 U.S.C. § 1291. Our review of a District Court's dismissal under *Rooker–Feldman* is plenary, *Turner v. Crawford Square Apartments III, L.P.,* 449 F.3d 542, 547 (3d Cir.2006), and we may affirm the judgment on any ground supported by the record, *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir.1999).

We disagree with the District Court's determination that the amended complaint raises claims that were previously adjudicated in state court. We reach this conclusion because the only specific instances of alleged misconduct referenced in the amended complaint occurred after Jiricko

instituted the Philadelphia action on July 1, 2004. Specifically, the claims presented in this suit arise from the alleged mishandling of a motion for sanctions that Jiricko filed in the Lancaster County action sometime in 2005. Although the basis for the motion is unclear from the record, it appears that Jiricko requested that the court sanction the defendants by denying Haggerty's request to appear in the Lancaster County action as Rollins' attorney, denying Rollins leave to file a motion for summary judgment, and awarding Jiricko $2,500.00 in court costs. The motion was granted by Business Judge Michael J. Perezous in an order dated October 21, 2005. However, Judge Allison vacated that order on November 15, 2005, explaining that Judge Perezous' order was inadvertently and prematurely entered. Jiricko claims that his constitutional rights were violated as a result of Judge Allison's decision to vacate the order granting the motion for sanctions. He also believes that this incident evidences an ongoing conspiracy between Judge Allison, Haggerty, and Swartz Campbell LLC.

■ Jiricko may not obtain monetary or injunctive relief based on his claims against Judge Allison. Judges are immune from suits for damages arising from judicial acts, unless the acts were taken "in the complete absence of all." *Gallas v. Supreme Court of Pennsylvania,* 211 F.3d 760, 767–69 (3d Cir.2000) (citations omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Jiricko's amended complaint does not explain how Judge Allison may be held liable for performing a judicial act in a case to which he was assigned. Nor does the amended complaint set forth facts indicating that Jiricko

has satisfied the requirements stated in 42 U.S.C. § 1983 for obtaining injunctive relief from a judicial defendant. *See Azubuko v. Royal,* 443 F.3d 302, 303–04 (3d Cir.2006).

■ We further conclude that the amended complaint fails to state a conspiracy claim under § 1983. The allegations of an ongoing conspiratorial relationship between Judge Allison, Haggerty, and Swartz Campbell LLC are entirely conjectural. The mere fact that Judge Allison issued orders that were unfavorable to Jiricko is insufficient to give rise to an inference of an agreement between the defendants to deprive Jiricko of his rights. In sum, the allegations of conspiracy fall well short of satisfying the liberal notice-pleading standard of FED.R.CIV.P. 8(a). *See Kanter v. Barella,* 489 F.3d 170, 175 (3d Cir.2007).

For the foregoing reasons, we will affirm the judgment of the District Court.